## JUDSON LAWSON, APPELLANT, *v.* MARY A. BARRON, RESPONDENT, IMPLEADED WITH OTHERS.

*Unconditional acceptance of interest — waives a provision making the principal sum fall due.*

The unconditional acceptance of the interest due on a mortgage (though made after a summons and complaint for the foreclosure thereof has been prepared, and filed with a notice of *lis pendens* in the county clerk's office, but not served), is a waiver of a condition in the mortgage that when the interest has remained in arrear for thirty days the whole principal sum shall become due, and the action of foreclosure cannot be further prosecuted after such acceptance.

APPEAL by the plaintiff from a judgment, entered in favor of the defendant, after a trial at the Special Term where the complaint was dismissed, with costs.

The action was brought for the foreclosure of a mortgage. The interest which fell due January 5, 1878, was not paid until March 7, 1878, when it was alleged in the plaintiff's complaint that the following receipt was given :

"Received New York, March 7th, 1878, from Mary Agnes Barron, the sum of seventy-five 46–100 dollars, being six months' interest, from July 5, 1877, to January 5, 1878, on account of bond and mortgage of Joseph Barron to me, Judson Lawson, but this is not intended to waive any of my rights by reason of the default in payment of interest thereon.

"$75.46.　　　　　(Signed)　　　　JUDSON LAWSON,

"Per HAMILTON."

The mortgage contained a provision that if the interest remained in arrear and unpaid for thirty days the whole principal should, at the option of the mortgagee, become due. The complaint alleged that on March 6, 1878, the plaintiff elected that the whole principal sum should, because of such default, become due.

*James Hamilton*, for the appellant.

*R. E. Deyo*, for the respondent.

Ingalls, J. :

This action was brought to foreclose a mortgage for the failure of the mortgagor to pay an installment of interest. The plaintiff prepared a summons and complaint, and filed in the clerk's office a notice of *lis penedns*, but before the service of the summons upon any party defendant, Mary A. Barron, the owner of the equity of redemption, paid to the plaintiff $75.46, being the interest upon the mortgage to January 5, 1878. The plaintiff persisted in continuing the foreclosure of the mortgage, upon the ground that by its terms the failure of the mortgagor to pay the installment of interest rendered the principal sum due and payable, at the option of the mortgagee.

Upon the trial the following admission was made by the plaintiff: The plaintiff admitted that $75.46, being the interest on said bond to January 5, 1878, was paid by the defendant, Mary Agnes Barron, to him before the service of the summons and complaint in this action.

Although the plaintiff was a witness upon the trial he did not pretend that at the time he received the interest that he in any manner qualified its acceptance, or that he even intimated to the defendant that he had taken any steps to foreclose the mortgage or intended to commence an action for that purpose. Indeed there is no evidence that the defendant, Mary A. Barron, had any notice from any source that the plaintiff contemplated a foreclosure of the mortgage, prior to the payment of the interest. In regard to the receipt which is set out in the complaint, and upon which the plaintiff appears now to place some reliance, it is observable that it was not offered in evidence, nor does there seem to

have been any allusion to it during the trial. It is true the plaintiff proposed a finding which embraced it, but the court refused it, probably because the receipt was not introduced or insisted upon at the trial. It may well be doubted whether, considered merely as a question of pleading, it should not be regarded as controverted by the answer. At all events, if the plaintiff intended to rely upon it as bearing upon the question of waiver, he should have offered it as evidence, so that the defendant could have further explained the circumstances which attended its execution. From all the facts developed upon the trial the court was entirely justified in holding that the interest was accepted unconditionally, and that the default and the right on the part of the plaintiff to declare a forfeiture became waived. The plaintiff should not be allowed to receive and quietly pocket the interest, without an intimation of his intention to consider the principal of the mortgage due and to foreclose the mortgage, simply because such interest had not been paid a few days earlier. We are unable to avoid the impression, derived from the circumstances of this case, that an unfair advantage was sought to be taken of the defendant, by preparing the receipt and delivering the same to her without any explanation, and without informing her that the plaintiff elected to consider the mortgage debt due and payable, and that a foreclosure would be prosecuted. The case of *Odell* v. *Hoyt*, recently decided by the Court of Appeals, but not yet reported, is by no means decisive of the case we are considering. In the case referred to the right to insist upon the forfeiture was understood, and at the time declared and insisted upon. And the condition upon which the default was to be waived was not performed by the party who claimed the benefit of such waiver. The decision of the Special Term was eminently just, and we believe consistent with the law which must govern this case.

The judgment should be affirmed, with costs.

BRADY, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.